**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION (DAYTON)**

| | | |
|---|---|---|
| WARREN R. EASTERLING, | : | Case No. 3:22-cv-00252 |
| | : | |
| Plaintiff, | : | District Judge Algenon L. Marbley |
| | : | Magistrate Judge Caroline H. Gentry |
| vs. | : | |
| | : | |
| MIKE DEWINE, et al., | : | |
| | : | |
| Defendants. | : | |
| | : | |

## REPORT AND RECOMMENDATIONS

This *pro se* civil case was transferred from the United States District Court for the Southern District of Indiana. Plaintiff is designated a vexatious litigant in this judicial district due to a series of failed lawsuits challenging his ban from the Walter H. Rice Federal Building and U.S. Courthouse for verbal belligerence, altercations with courtroom security officers, and harassment. *See, e.g., Easterling v. Crawford*, No. 3:14-cv-226, 2014 WL 5803029, *1-2 (S.D. Ohio Nov. 7, 2014); *Easterling v. Rice*, No. 3:15-cv-257, 2015 WL 4917008, *1 (S.D. Ohio Aug. 18, 2015) (same); *Easterling v. Rice*, No. 2:19-cv-469, 2019 WL 1338712, *3 (S.D. Ohio Mar. 25, 2019) (same).

Eventually, this Court issued an order imposing prefiling restrictions on Plaintiff. *See Easterling v. Rice, et al.,* No. 2:19-cv-469, Doc. 29 (S.D. Ohio Apr. 25, 2019) ("Filing Restrictions Order"). Among other things, Plaintiff must submit a signed statement from an attorney, who is licensed to practice before the State Bar of Ohio, attesting that the lawsuit satisfies Fed. R. Civ. P. 11. *Id*. at PageID 301. In that order, this

1

Court also noted that Plaintiff "may not simply . . . refile the same or similar complaints . . . to collaterally attack orders and judgments entered in other civil cases he filed in this Court." *Id*. at PageID 300.

Plaintiff, in a transparent attempt to avoid these requirements, filed the complaint in this matter in the Southern District of Indiana. Doc. 1. That Court transferred this case to the Southern District of Ohio because the named Defendants—Ohio Governor Mike DeWine and District Judge Thomas M. Rose—reside in Ohio, not Indiana.

This matter came before the undersigned for a Report and Recommendations on Plaintiff Warren R. Easterling's Motion for Summary Judgment (Doc. 9). In that document, Plaintiff asserts that Defendant Rose's "role in dismissing case 3:16 cv 139 in the U.S. District Court in the Southern District of Ohio constitutes a conspiracy for the deprivation of rights in violation of Title 42 U.S.C. 1985. Thus the judgment in case 3:16 cv 139 is not a valid judgment on the merits . . . ." (*Id*., PageID 51.)

Plaintiff's complaint does not satisfy the Filing Restrictions Order, including the affidavit requirement. This failure alone justifies dismissal. *See, e.g., Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998) ("There is nothing unusual about imposing prefiling restrictions in matters with a history of repetitive or vexatious litigation"). Moreover, Plaintiff's attempt to relitigate in another district a case that was dismissed by this Court is "a clear attempt to subvert" the Filing Restrictions Order. *Banks v. Lea*, 793 F. App'x 62, 64 (3d Cir. 2020) (affirming dismissal of vexatious litigant's complaint that was filed in another court before it was transferred because it was an attempt to evade prefiling restrictions).

2

Accordingly, the undersigned **RECOMMENDS** that the Court (1) **DISMISS** Plaintiff's *pro se* complaint (Doc. 1) **WITH PREJUDICE** due to his failure to comply with the Filing Restrictions Order; and (2) **DENY AS MOOT** Plaintiff's Motion for Summary Judgment (Doc. 9).

> */s/ Caroline H. Gentry*
> Caroline H. Gentry
> United States Magistrate Judge

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within **FOURTEEN** days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to **SEVENTEEN** days if this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within **FOURTEEN** days after being served with a copy thereof.

Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).